■ MIRIAM CALICK, Appellant, v DOUBLE A PROPERTY ASSOCIATES, INC., Doing Business as CRESTON ARMS, et al., Respondents. [674 NYS2d 694] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judg-

ment (one paper) of the Supreme Court, Queens County (Golar, J.), entered March 5, 1997, which granted the defendants' separate motions pursuant to CPLR 4404, made at the close of trial, to set aside the verdict in favor of the plaintiff on the issue of liability and for the entry of judgment in their favor as a matter of law, and is in favor of the defendants dismissing the complaint.

Ordered that the order and judgment is modified, by deleting the provision thereof which granted the motion of the defendant National Home Care d/b/a Patient Care Inc., s/h/a Patient Care Home Health Specialists, Inc., and which is in favor of that defendant and against the plaintiff and substituting therefor provisions denying that defendant's motion and severing the action against the other defendants; as so modified, the order and judgment is affirmed, with costs to appellant payable by National Home Care, and the matter is remitted to the Supreme Court, Queens County, for a trial on the issue of damages.

The plaintiff's decedent was injured when she stepped into an elevator in a building managed by the defendant Double A Property Associates, Inc. (hereinafter Double A), and slipped and fell on a puddle of sudsy liquid. At the time of the incident, the plaintiff's decedent was being assisted by a home care attendant employed by the defendant National Home Care d/b/a Patient Care Inc., s/h/a Patient Care Home Health Specialists, Inc. (hereinafter National Home). Prior to the time that the plaintiff's decedent entered the elevator, Guillermo Perez, the 18-year-old son of the building's porter, had collected recyclable refuse at the direction of his father. Guillermo was not an employee of Double A, but when he noticed the spill in the elevator he ran to get a mop, and returned within one minute. In the interim, the plaintiff's decedent had entered the elevator and slipped on the puddle. The attendant testified that she had looked inside the elevator before the decedent entered, as was her practice, but did not observe the puddle, and she held the elevator's exterior door open while the decedent entered. After a verdict in favor of the plaintiff and against both of the defendants, the trial court granted the defendants' motions to set aside the verdict, finding, as a matter of law, that neither of the defendants had been negligent.

The trial court erred in setting aside that portion of the verdict as was against National Home. The question of the reasonableness of the attendant's actions, and her failure to see what was on the floor of the elevator was a factual issue for the jury (*see, Thibault v Franzese,* 24 AD2d 903), and its deter-

mination was supported by the record. However, the trial court properly set aside the verdict against Double A. Even assuming that Guillermo was an agent of Double A, the interval of time between when he first noticed the puddle and when he returned to mop it up was insufficient, as a matter of law, to impose liability against Double A for the failure to have remedied the dangerous condition (*see, Mercer v City of New York,* 88 NY2d 955).

The plaintiff's remaining contentions are without merit. Ritter, J. P., Thompson, Altman and McGinity, JJ., concur.